Dear Representative Lindley,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
Do the provisions of 68 O.S. 2001, § 2361[68-2361], which providestax relief to spouses under certain circumstances, require theOklahoma Tax Commission to follow Internal Revenue Servicerulings on "offers to compromise"?
 Compromise Of Tax Liability
¶ 1 Both federal and State law provide for compromise of tax liability. See 68 O.S. 2001, § 219[68-219]; 26 U.S.C. § 7122(a) (1998).
¶ 2 Section 219 of Title 68 authorizes the Oklahoma Tax Commission to enter into agreements to "compound, settle or compromise any controversy relating to taxes collectible . . . or any admitted or established tax liability." Section 219 provides in pertinent part as follows:
 The Oklahoma Tax Commission is authorized to enter into an agreement to compound, settle or compromise any controversy relating to taxes collectible by the Oklahoma Tax Commission, or any admitted or established tax liability as to any tax collectible under any state law in the following cases:
 (1) In cases of controversy arising over the amount of tax due, or,
 (2) In case of inability to pay, resulting from insolvency of the taxpayer.
Id.
¶ 3 The Oklahoma Tax Commission may, pursuant to the provisions of Section 219 of Title 68, enter into an agreement to settle or compromise the amount due. Article V, Section 53 of the Oklahoma Constitution, however, provides that the Legislature shall have no power to release or authorize the release of anyone's indebtedness to the State, a county, or a municipality:
 Except as to tax and assessment charges against real property remaining delinquent and unpaid for a period of time as long or longer than that provided by law to authorize the taking title to real property by prescription, the Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liabilities, or obligations of any corporation or individual, to this State, or any county or other municipal corporation thereof.
Okla Const. art. V, § 53.
¶ 4 The Oklahoma Supreme Court has held that delinquent taxes are "liabilities" and any law directly or indirectly releasing or extinguishing liabilities for taxes, in whole or part, is unconstitutional. Thompson v. Smith, 114 P.2d 922, 924 (Okla. 1941). If Section 219 of Title 68 were construed to grant authority to the Oklahoma Tax Commission to extinguish established tax liabilities under the conditions set out therein, it would conflict with Article V, Section 53 of the Oklahoma Constitution. Therefore, the Oklahoma Tax Commission may not by agreement release or forgive a liability for taxes due, but may extend the time for payment and/or relieve the taxpayer from penalties and interest.
¶ 5 Section 7122 of the Internal Revenue Code provides in pertinent part:
 (a) Authorization. — The Secretary may compromise any civil or criminal case arising under the internal revenue laws prior to reference to the Department of Justice for prosecution or defense; and the Attorney General or his delegate may compromise any such case after reference to the Department of Justice for prosecution or defense.
 (b) Record. — Whenever a compromise is made by the Secretary in any case, there shall be placed on file in the office of the Secretary the opinion of the General Counsel for the Department of the Treasury or his delegate, with his reasons therefor, with a statement of —
(1) The amount of tax assessed,
 (2) The amount of interest, additional amount, addition to the tax, or assessable penalty, imposed by law on the person against whom the tax is assessed, and
 (3) The amount actually paid in accordance with the terms of the compromise.
 Notwithstanding the foregoing provisions of this subsection, no such opinion shall be required with respect to the compromise of any civil case in which the unpaid amount of tax assessed (including any interest, additional amount, addition to the tax, or assessable penalty) is less than $50,000. However, such compromise shall be subject to continuing quality review by the Secretary.
26 U.S.C. § 7122 (1998).
¶ 6 Unlike the State, the Internal Revenue Service is not required to limit its settlements to full payment. The federal compromise provision is a means to grant relief to a taxpayer by reducing the amount of that taxpayer's liability. The compromise procedures are, however, separate from the procedures for innocent spouse relief.
 Innocent Spouse Relief
¶ 7 Both State and federal law specifically provide for compromise of tax liabilities of certain married joint filers, i.e. innocent spouses. See 68 O.S. 2001, § 2361[68-2361];26 U.S.C. § 6015 (2000). Allocation of joint liability, as opposed to reduction of liability, is the means by which innocent spouse relief is granted.
¶ 8 Section 2361 of Title 68 authorizes the Oklahoma Tax Commission to grant relief from liability to married taxpayers filing joint returns. Section 2361 provides in pertinent part:
 Married taxpayers shall file joint or separate returns in accordance with the manner in which they file returns to the federal government, or in the event of an adjustment thereto by the federal government, as finally ascertained to be proper under the Internal Revenue Code. . . .
 If a joint return has been made under this section for a tax year and taking into account all the facts and circumstances, the Tax Commission determines that it is inequitable to hold one of the spouses liable for the deficiency in tax for such tax year, then such spouse shall be relieved of liability for tax, including interest and penalties, for such tax year to the extent that such deficiency is determined to be the liability of the other spouse. For purposes of this section, the determination made by the Tax Commission shall be the same as the determination made by the Internal Revenue Service provided the tax year and circumstances surrounding the liability are the same. If there has been no determination made by the Internal Revenue Service, the Tax Commission shall apply the factors that would have been applied by the Internal Revenue Service had a determination been requested.
Id. (emphasis added).
¶ 9 Section 2361 allows the Oklahoma Tax Commission, taking into account all facts and circumstances, to relieve a married taxpayer from liability for a deficiency to the extent the liability is determined to be the liability of the other spouse. Section 2361 does not provide for a reduction of all or part of the tax liability; it allows for an equitable allocation between spouses of the full amount owed. During the 2001 legislative session, the Legislature amended Section 2361 by adding the emphasized language above. The 2001 amendment links the determination of the Oklahoma Tax Commission to that made by the Internal Revenue Service.
¶ 10 The federal innocent spouse rule is found at26 U.S.C. § 6015, which provides in pertinent part:
 (a) In general. — Notwithstanding section 6013(d)(3) —
 (1) an individual who has made a joint return may elect to seek relief under the procedures prescribed under subsection (b); . . .
. . . .
 (b) Procedures for relief from liability applicable to all joint filers. —
 (1) In general. — Under procedures prescribed by the Secretary, if —
 (A) a joint return has been made for a taxable year;
 (B) on such return there is an understatement of tax attributable to erroneous items of one individual filing the joint return;
 (C) the other individual filing the joint return establishes that in signing the return he or she did not know, and had no reason to know, that there was such understatement;
 (D) taking into account all the facts and circumstances, it is inequitable to hold the other individual liable for the deficiency in tax for such taxable year attributable to such understatement; and
 (E) the other individual elects (in such form as the Secretary may prescribe) the benefits of this subsection not later than the date which is 2 years after the date the Secretary has begun collection activities with respect to the individual making the election,
 then the other individual shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such understatement.
Id. (emphasis added).
¶ 11 You ask whether the amendment to Section 2361 requires the Oklahoma Tax Commission to follow Internal Revenue Service rulings on "offers to compromise."
¶ 12 Unlike innocent spouse relief, where the entire liability is allocated between taxpayers, an I.R.S. "offer to compromise" provides for forgiveness of all or part of taxes due. The offer to compromise procedures are available pursuant to26 U.S.C. § 7122. They are not part of the innocent spouse provisions of26 U.S.C. § 6015. Federal innocent spouse relief is based on a determination based on the equities of a particular situation.
¶ 13 "The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention and purpose of the Legislature as expressed in the statute." Jacksonv. Indep. Sch. Dist. No. 16, 648 P.2d 26, 29 (Okla. 1982). Section 2361 of Title 68 contains a "facts and circumstances test" which the Tax Commission applies to determine whether it is inequitable to hold an innocent spouse liable for a tax deficiency. The procedures for innocent spouse relief are, however, separate from the compromise provisions found in 68O.S. 2001, § 219[68-219]. Likewise, Section 6015 of the Internal Revenue Code (26 U.S.C. § 6015) provides procedures for innocent spouse relief from liability to joint filers of federal returns. These provisions are distinct from the compromise procedures found in26 U.S.C. § 7122. Section 6015 also provides for a "facts and circumstances test" to obtain innocent spouse relief. If the Internal Revenue Service determines that it would be inequitable to hold an individual liable for the full tax deficiency, that individual shall be relieved of liability to the extent the "facts and circumstances" are determined to merit. Both statutes (68 O.S. 2001, § 2361 and 26 U.S.C. § 6015) require a "determination." The 2001 amendment to Section 2361 links the facts and circumstances determination of the Oklahoma Tax Commission to that of the Internal Revenue Service. Therefore if, in compromising an "innocent spouse" case, the Internal Revenue Service makes a determination under section 6015 that it is inequitable to hold a spouse liable, the Oklahoma Tax Commission is required to abide by the Internal Revenue Service determination as to that spouse's liability for Oklahoma tax. The offer to compromise procedures, however, provide a distinct form of tax relief and are not relevant to innocent spouse relief.
¶ 14 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Title 68 O.S. 2001, § 2361[68-2361] requires the Oklahoma TaxCommission to follow Internal Revenue Service determinationspursuant to 26 U.S.C. § 6015 as to the facts and circumstanceswhich entitle an "innocent spouse" to relief from joint andseveral liability, but does not obligate the Tax Commission tofollow Internal Revenue Service rulings on "offers to compromise"pursuant to 26 U.S.C. § 7122.
W.A. DREW EDMONDSON Attorney General of Oklahoma
DOUGLAS F. PRICE Assistant Attorney General